UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| CHARLES ROBERT BAREFOOT,<br>a/k/a Charles Robert Barefoot, Jr.,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL SEPANEK, WARDEN,<br><br>Respondent. | Civil Action No. 13-98-HRW<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Charles Robert Barefoot, a/k/a Charles Robert Barefoot, Jr., is an inmate confined in the Federal Correctional Institution ("FCI") located in Ashland, Kentucky. Barefoot has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1, as amended at D. E. No. 12], challenging the federal sentence which he is serving pursuant to his conviction of various federal firearm and explosive-related offenses. Barefoot has paid the $5.00 filing fee. [D. E. No. 13]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Barefoot' petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Barefoot's claims under 28 U.S.C. § 2241 are premature.

## BACKGROUND

On September 25, 2012, a federal jury in North Carolina convicted Barefoot of the following offenses:

(1) Conspiracy to Receive, Possess, Conceal, Store and Dispose of Stolen Firearms and Aiding and Abetting, in violation of 18 U.S.C. § 371;

(2) Knowingly Receiving, Possessing, Concealing, Storing Stolen Firearms in violation of 18 U.S.C. §§ 922(j), 924 and 2;

(3) Solicitation to Commit Crime of Violence, in violation of 18 U.S.C. § 373(a);

(4) Receipt of Explosive Materials with the Knowledge and Intent that the Explosive Would be Used to Kill, Injure, and Intimidate Other Persons and to Unlawfully Damage

2

and Destroy Building and Other Real Property, in violation of 18 U.S.C. § 844(d);

(5) Illegal Storage of Explosive Material in a Manner Not in Conformity With Regulations Promulgated by the Secretary of the Treasury, in violation of 18 U.S.C. §§842(j) and 844(b) and Title 27, C.F.R., Part 55, Subpart K (5s); and

(6) Distribution of Explosive Materials to an Individual Under the Age of 21, in violation of 18 U.S.C. §§ 842(d)(1) and 844(a).

*United States v. Barefoot*, No 5:05-CR-166-BO-1 (E. D. N. C. 2005) [D. E. No. 315, therein]

On February 6, 2013, the district court sentenced Barefoot to a 180-month prison term. [D. E. No. 336, pp. 1-2, therein][1] Barefoot promptly filed a Notice Appeal [D. E. No. 338, therein], and his direct appeal is currently pending in the United States Court of Appeals for the Fourth Circuit, Case No. 13-4108.

In his § 2241 petition, Barefoot challenges the manner in which the district court calculated his sentence, alleging that it improperly determined that he was a leader/organizer of the conspiracy, improperly departed upward from the applicable sentencing range of 87-108 months, and improperly enhanced his sentence by four

---

[1] The district court imposed a 60-month sentence on Count 1; imposed 120-month sentences on Counts 2, 3, 4, and 6, to be served concurrently with each other but consecutively to the 60-month sentence imposed on Count 1; and imposed a 12-month sentence on Count 5, to be served concurrently with the sentences imposed on Counts 1, 2, 3, 4, and 6. [*Id.*]

3

points. Barefoot alleges that the indictment under which he was charged was constitutionally deficient because it did not include all facts and/or elements used to enhance his sentence, such as his alleged leadership in the charged conspiracy, and that the district court, not the jury, improperly determined the factors which resulted in his enhanced sentence under the federal sentencing guidelines. Barefoot contends that his current sentence violates both his Fifth Amendment right to due process of law and his Sixth Amendment right to have a jury determine all of the factual predicates of the offenses charged in the indictment.

In support of his argument, Barefoot relies on a recent decision of the United States Supreme Court: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155.

## DISCUSSION

Barefoot's § 2241 petition is premature. Barefoot alleges that under *Alleyne*, the district court violated both his Fifth and Sixth Amendment rights to have a jury determine all elements of the charged offenses, including any element which increased the term of his sentence. But § 2241 not the mechanism for asserting such constitutional challenges: 28 U.S.C. § 2255(a) provides the correct mechanism for a federal prisoner to challenge his conviction or sentence. *Terrell v. United States*,

4

564 F.3d 442, 447 (6th Cir. 2009). Section § 2255 is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10–CV–36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010). A petitioner may challenge the legality of his conviction under § 2241 only where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

However, at this stage, Barefoot can not avail himself even of the post-judgment remedy set forth in § 2255, because the direct appeal of his criminal conviction and sentence is currently pending in the Fourth Circuit Court of Appeals.[2] Barefoot may assert his *Alleyne* argument in that pending appeal, but absent extraordinary circumstances, but a district court can not entertain a collateral challenge under § 2255 while the direct appeal of a defendant's criminal conviction is pending. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.")

---

[2]

The November 8, 2013, docket entry in Barefoot's direct appeal states that his case was tentatively scheduled oral argument "...during the 1/28/14 - 1/30/14 argument session." *See United States v. Charles Barefoot, Jr.*, No. 13-4108 [D. E. No. 57, therein].

On November 19, 2013, an Order was entered in that Barefoot's appeal stating that for scheduling reasons, his appeal has been continued, but that Barefoot will "...receive further notice from the court as soon as your case is assigned to another argument session." [D. E. No. 59, therein]

(quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)); *Sargent v. United States*, 19 F.3d 1434, 1994 WL 83324, at *1 (6th Cir. March 15, 1994) (Table) (district court properly denied the petitioner's § 2255 motion as premature where his appeal was pending when he filed his § 2255 motion) (citations omitted).

In this case, Barefoot has prematurely sought relief from his sentence under § 2241, before the Fourth Circuit Court of Appeals has even addressed his direct appeal and long before he has can seek collateral relief under § 2255 in the district court. This Court has rejected as premature a § 2241 petition filed under similar circumstances. In *Denton v. U.S. Atty. Gen.*, No. 6:12-CV-219-DCR, 2012 WL 5450034, at *1 (E.D. Ky. Nov. 7, 2012), the prisoner filed a § 2241 petition in this Court, seeking relief from his various Alabama federal convictions at the same time his direct appeal of those convictions was pending before the Eleventh Circuit Court of Appeals. [*Id.*, at *1] Judge Danny C. Reeves denied Denton's § 2241 petition as premature, stating:

> Here, Denton's convictions are being challenged on direct appeal, making even a motion for relief under § 2255 premature.
> . . . .
> In summary, Denton must complete the appellate process before seeking relief via § 2255, a step he must take before he may make even a colorable argument for the availability of a remedy under § 2241. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06–309–DCR, 2006 WL 2385358, at *3 (E.D.Ky. Aug. 17, 2006).

*Denton*, 2012 WL 5450034, at *1; *see also Heard v. Withers*, No. 13-CV-107-KKC, 2013 WL 3984514 (E.D. Ky. Aug. 2, 2013) (denying § 2241 petition in which Heard asserted various due process challenges to his conviction because the direct appeal of Heard's conviction was then pending in the Sixth Circuit Court of Appeals).

Barefoot's case is in the same procedural posture as Petitioner Denton's case was in November 2012 and as Petitioner Heard's case was in August 2013. Like both Denton and Heard, Barefoot must first complete the appellate process as to his criminal conviction, and he can assert his various Fifth and Sixth Amendment challenges under *Alleyne* in his direct appeal. If dissatisfied there, Barefoot may collaterally challenge his conviction and sentence by filing a timely motion in district court where he was convicted and sentenced pursuant to 28 U.S.C. § 2255. Only after Barefoot exhausts both of those avenues of relief may he petition a district court for the extraordinary relief under § 2241.

Finally, in his September 17, 2013, motion [D. E. No. 12], Barefoot seeks an Order correcting "...harmless errors established by the United States District Judge Henry R. Wilhoit, Jr." [*Id.*, p. 1 ] Barefoot asserts that in a prior order [D. E. No. 11], the Court incorrectly characterized his § 2241 petition as a challenge to his underlying firearm and explosive convictions, instead of as a challenge to the 180-month sentence which he is currently serving. Barefoot also complains about the

alleged delay by FCI-Ashland officials in deducting $5.00 from his inmate trust account and remitting the funds to the Clerk of the Court as payment of the filing fee. Because the $5.00 filing fee was subsequently paid on September 25, 2013, and because the Court has clearly explained in this Memorandum Opinion and Order that Barefoot's § 2241 petition does in fact challenge his 180-month sentence under *Alleyne*, Barefoot's motion to correct the record will be denied as moot.

## CONCLUSION

Accordingly, the Court being advised, **IT IS SO ORDERED**:

(1) The "Motion for Order to Move this Honorable Court to Correct the Record of the Court of the Harmless Errors Established by the U.S. District Judge Henry R. Wilhoit, Jr." [D. E. No. 12] filed by Charles Robert Barefoot, a/k/a Charles Robert Barefoot, Jr., is **OVERRULED** as **MOOT**;

(2) Barefoot's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D. E. No. 1, as supplemented at D. E. No. 12] is **DENIED** as **PREMATURE**;

(3) This action is **DISMISSED WITHOUT PREJUDICE** to Barefoot's right to assert the same constitutional claims in his pending criminal appeal, Fourth Circuit Court of Appeals Case No. 13-4108, or, if appropriate, after Barefoot has exhausted other available remedies; and

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This January 15, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge